DONNA HICKS DAVIS v. ROBERT JOSEPH DAVIS

No. 7126DC108

(Filed 28 April 1971)

1. Appeal and Error § 57— failure to include evidence in record — review of findings of fact

Where the evidence has not been brought forward in the record on appeal, the court's findings of fact properly made must be deemed supported by competent and sufficient evidence.

2. Rules of Civil Procedure § 52; Trial § 58— nonjury trial — findings by court

When it becomes incumbent on the trial court to make findings of fact, the court should make its own determination as to what pertinent facts are actually established by the evidence rather than merely reciting what the evidence may tend to show.

3. Divorce and Alimony § 18— alimony pendente lite — wife's earnings substantially higher than husband's

The trial court erred in awarding alimony and counsel fees *pendente lite* to the wife where the court found the husband earns a net monthly income of $318.92 while the wife earns a net monthly income of $349.70 even after a deduction therefrom of $52.00 per month for a "thrift fund." G.S. 50-16.3(a)(2)

4. Divorce and Alimony § 18— life insurance with child as beneficiary — payment of premiums pendente lite

The trial court erred in ordering defendant husband to pay *pendente lite* the monthly premiums on two life insurance policies in which the child of the parties is named as primary beneficiary, since such payments provide nothing to meet the immediate needs of the child pending the hearing of the case on the merits.

APPEAL by defendant from *Gatling, District Judge,* 28 September 1970 Session of MECKLENBURG District Court.

This is an appeal by defendant husband from an order entered in his wife's action for alimony without divorce awarding his wife alimony and other relief *pendente lite*. The order, which was entered after an evidentiary hearing before the District Judge, contained findings of fact, including the following:

"14. That the plaintiff presented evidence tending to show that the monthly living expenses necessary to support and maintain the plaintiff and said minor child total the sum of $602.46.

"15. That the defendant presented evidence tending to show that he presently resides in the home of his father, and that the defendant presently incurs the following monthly expenses: [There then follows an itemization of defendant's expenses, not including any item for rent, showing total monthly expenses of $314.21.]

"16. That the defendant is presently employed at Faul & Crymes, Inc. of Charlotte, North Carolina, and from said employment the defendant earns a net monthly income in the sum of $318.92.

"17. That the plaintiff is presently employed at Humble Oil & Refining Company and from said employment the plaintiff earns a net monthly income in the sum of $349.70, after all deductions, including a deduction in the sum of $52.00 per month for a thrift fund."

Based on its findings of fact, the District Court concluded that plaintiff was entitled to an award of alimony and other relief *pendente lite,* and thereupon ordered that plaintiff have custody of the minor child of the marriage, with certain visitation rights granted to defendant, that defendant pay the sum of $20.00 per week as alimony *pendente lite* for the maintenance and support of plaintiff, that defendant pay the sum of $25.00 per week for the support of the minor child of the parties, that the defendant continue to pay the monthly premium of $32.35 required to maintain in force a certain policy of life insurance insuring the life of the defendant in the face amount of $35,000.00 with the minor child named as principal beneficiary, that the defendant continue to pay the monthly premium of $2.78 required to maintain in force a certain policy of life insurance insuring the life of the plaintiff in the face amount of $2,083.00 with the minor child named as principal beneficiary, that plaintiff be awarded the exclusive use of the residence of the parties together with all household and kitchen furnishings therein, and that defendant pay to plaintiff's attorney the sum of $100.00 as an attorney's fee for services rendered to the plaintiff in the preparation and prosecution of this action through the date of said order.

From the foregoing order defendant appealed.

Davis v. Davis

*Bailey & Davis, by Gary A. Davis, for plaintiff appellee.*

*Robertson & Brumley, by Richard H. Robertson, for defendant appellant.*

PARKER, Judge.

[1, 2]   The evidence before the District Court not being brought forward in the record on appeal, the court's findings of fact properly made must be deemed supported by competent and sufficient evidence. *Utilities . Comm. v. Electric Membership Corp.*, 276 N.C. 108, 171 S.E. 2d 406. At the outset, however, we observe that findings of fact Nos. 14 and 15 are not properly findings of fact at all but are merely recitations by the court as to what certain evidence tended to show. Where, as in this case, it becomes incumbent on the trial court to make findings of fact, the court should make its own determination as to what pertinent facts are actually established by the evidence, rather than merely reciting what the evidence may tend to show.

By appropriate exceptions and assignments of error, this appeal questions whether the findings of fact properly made support certain of the court's conclusions of law and the provisions of the judgment based thereon. Appellant raises no objections to those portions of the order awarding custody of the minor child to his wife, awarding her exclusive possession of their homeplace and its contents, and directing that he pay $25.00 per week for support of the child. In this connection, the court found as a fact that prior to entry of the order defendant had been paying to plaintiff the sum of $125.00 per month for support of the child, an amount larger than the court ordered him to pay for that purpose. Appellant does contend that the court's findings of fact do not support its conclusion that the plaintiff wife is entitled to an award of alimony *pendente lite,* and he contends there was error in those portions of the order which directed him to pay $20.00 per week to his wife for that purpose and to pay the monthly premiums on the two life insurance policies in which the child is named as principal beneficiary.

The statute providing for an award of alimony *pendente lite* is as follows:

"§ 50-16.3. *Grounds for alimony pendente lite.*—(a) A dependent spouse who is a party to an action for absolute

Davis v. Davis

divorce, divorce from bed and board, annulment, or alimony without divorce, shall be entitled to an order for alimony pendente lite when:

"(1) It shall appear from all the evidence presented pursuant to G.S. 50-16.8 (f), that such spouse is entitled to the relief demanded by such spouse in the action in which the application for alimony pendente lite is made, and

"(2) It shall appear that the dependent spouse has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof.

"(b) The determination of the amount and the payment of alimony pendente lite shall be in the same manner as alimony, except that the same shall be limited to the pendency of the suit in which the application is made."

It should be noted that subparagraphs 1 and 2 of section (a) of the statute are in the conjunctive. Therefore, a dependent spouse is entitled to an award of alimony *pendente lite* only when the conditions described in both subparagraphs are made to appear.

[3]  In the present case the trial court has found as a fact that defendant husband earns a net monthly income of $318.92, while his wife earns a net monthly income of $349.70 even after a deduction therefrom of $52.00 per month for a "thrift fund." No reason appears why the "thrift fund" deduction is not fully available to the wife. In any event, it is apparent from the court's factual findings properly made that the wife in this case has a monthly income substantially larger than her husband's. Under these findings it does not appear that she "has not sufficient means whereon to subsist during the prosecution . . . of the suit and to defray the necessary expenses thereof." Since this requirement of G.S. 50-16.3 (a) (2) was not made to appear, it was error to award alimony *pendente lite* and counsel fees *pendente lite* in this case.

[4]  The trial court also erred in ordering the defendant to pay the monthly premiums on the two life insurance policies in which the child is named as primary beneficiary. While maintenance of these policies may be desirable in order to provide future financial security for the child, and while the father, who

Hoover v. Hospital, Inc.

has shown a concern for his child, may himself decide to continue paying the monthly premiums, such payments provide nothing to meet the immediate needs of the child pending the hearing of this case on its merits. It was, therefore, error for the court to order the father to continue to make these payments. Moreover, the record does not indicate that plaintiff requested, either in her complaint or by motion, that such an order concerning insurance be made.

For errors in the court's order as noted, the cause is remanded for rehearing.

Error and remanded.

Chief Judge MALLARD and Judge VAUGHN concur.