CORDIA McLEAN FORE v. SAMUEL D. FORE

No. 7211DC322

(Filed 28 June 1972)

1. **Divorce and Alimony § 17— divorce from bed and board — alimony — sufficiency of evidence**

   The evidence supported a judgment granting the wife a divorce from bed and board, awarding her alimony of $50 per month during her lifetime or until she remarried, and requiring the husband to pay the wife's counsel $250.

2. **Divorce and Alimony § 17— permanent alimony — alimony pendente lite — proof**

   In order to obtain an award of permanent alimony following a trial on the merits, it was not necessary for plaintiff to show that she did not have sufficient means whereon to subsist during prosecution of the suit and to defray the necessary expenses thereof as is required for an award of alimony *pendente lite.*

APPEAL by defendant from *Godwin, District Judge,* at the 11 November 1971 Session of LEE County District Court.

On 1 September 1971, pursuant to G.S. 50-16.1 et seq., plaintiff instituted this action against defendant, her husband, asking for divorce from bed and board, temporary and permanent alimony, and attorney fees. The action was regularly calendared for trial on its merits and was heard without a jury.

The court made numerous findings of facts and conclusions of law as contended by plaintiff and entered judgment granting plaintiff a divorce from bed and board, awarding alimony

in amount of $50 per month during plaintiff's lifetime or until she remarries, and requiring defendant to pay plaintiff's counsel $250. Defendant appealed.

*Hoyle & Hoyle by J. W. Hoyle for plaintiff appellee.*

*Neill McK. Ross for defendant appellant.*

BRITT, Judge.

Defendant's sole exception and assignment of error is to the signing and entry of the judgment. In *Fishing Pier v. Town of Carolina Beach,* 274 N.C. 362, 163 S.E. 2d 363 (1968) we find: "This sole assignment of error to the signing of the judgment presents the face of the record proper for review, but review is limited to the question of whether error of law appears on the face of the record, which includes whether the facts found or admitted support the judgment, and whether the judgment is regular in form." See also *Morris v. Perkins,* 11 N.C. App. 152, 180 S.E. 2d 402 (1971), cert. den. 278 N.C. 702, 181 S.E. 2d 602.

[1] In the case at bar we hold that the facts found by the trial court support the judgment, that the judgment is regular in form, and that error does not appear on the face of the record.

[2] Defendant relies on our decision in *Davis v. Davis,* 11 N.C. App. 115, 180 S.E. 2d 374 (1971). The cases are clearly distinguishable. In the instant case we are dealing with a judgment awarding permanent alimony following a trial of the action on its merits while in *Davis,* the appeal was from an order awarding alimony *pendente lite.* As was said in *Davis,* to obtain alimony *pendente lite* the dependent spouse must show, among other things, that he or she is entitled to the relief demanded by such spouse in the action in which the application for alimony *pendente lite* is made, *and* that he or she has not sufficient means whereon to subsist during the prosecution or defense of the suit and to defray the necessary expenses thereof. G.S. 50-16.3.

The decision in *Davis* turned on the fact that the plaintiff did not show that she "has not sufficient means whereon to subsist during the prosecution . . . of the suit and to defray the necessary expenses thereof." In the present case, the trial

being on the merits of the action, it was obviously not necessary that plaintiff show that she did not have sufficient means whereon to subsist during the prosecution of the suit and to defray the necessary expenses thereof.

The judgment appealed from is

Affirmed.

Chief Judge MALLARD and Judge CAMPBELL concur.