DR. DONALD P. BOEHM, PETITIONER v. NORTH CAROLINA BOARD OF
PODIATRY EXAMINERS, RESPONDENT

No. 7810SC791

(Filed 5 June 1979)

1. **Physicians, Surgeons and Allied Professions § 7— review of order of Board of Podiatry Examiners—whole record test**

    The "whole record" test applies to judicial review of an order of the N. C. Board of Podiatry Examiners, G.S. 150A-51(5), and the Board's order must be affirmed if, upon consideration of the whole record as submitted, the facts found by the Board are supported by competent, material and substantial evidence, taking into account any contradictory evidence or evidence from which conflicting inferences may be drawn.

2. **Physicians, Surgeons and Allied Professions § 6— findings by Board of Podiatry Examiners—supporting evidence**

    Findings by the N. C. Board of Podiatry Examiners that petitioner had collected or attempted to collect fees from Blue Cross through misrepresentation and had engaged in conduct not in keeping with the standards of the profession of podiatry were supported by competent, material and substantial evidence in view of the entire record and were conclusive on appeal.

3. **Physicians, Surgeons and Allied Professions § 6— suspension of podiatrist's certificate—acts prior to 1 July 1975—applicability of G.S. 90-197**

    The N. C. Board of Podiatry Examiners had authority under former G.S. 90-197 to suspend petitioner's certificate to practice podiatry for misconduct in collecting and attempting to collect fees from an insurer through misrepresentation committed prior to 1 July 1975, the date that statute was rewritten and recodified as G.S. 90-202.8.

APPEAL by petitioner from *Clark, Judge.* Judgment entered 28 February 1978 in Superior Court, WAKE County. Heard in the Court of Appeals 22 May 1979.

Petitioner, Donald P. Boehm, was duly notified to appear before the North Carolina Board of Podiatry Examiners to answer charges of misconduct alleged against him. Boehm did not reply in writing to the charges, although he was entitled to do so under the statute.

At the hearing, the Board's evidence tended to show Boehm presented claims to North Carolina Blue Cross and Blue Shield that resulted in his receiving larger payments than he was actually entitled to receive. These actions took place from July 1974 to March 1975, and involved about twenty claims of his patients.

Basically, the claims sent to Blue Cross contained charges for pathological procedures not actually performed by petitioner, or anyone else on his behalf.

Petitioner filed a plea in bar, asserting that the alleged acts occurred in 1974 and 1975 and that N.C.G.S. 90-197 governed the conduct of podiatrists during this period and that it was repealed effective 1 July 1975, being replaced on that date by N.C.G.S. 90-202.8. Petitioner contends he is being tried under a statute adopted after his alleged conduct. The Board overruled the plea in bar and entered an order finding petitioner had collected or attempted to collect fees from Blue Cross through misrepresentation and had engaged in conduct not in keeping with the standards of the profession of podiatry. Petitioner's license to practice podiatry was suspended for ninety days, and he was placed on probation under certain conditions for a period of two years thereafter.

Upon appeal to the superior court for review under the Administrative Procedure Act, the court affirmed the ruling of the Board and entered judgment accordingly. Petitioner appeals.

*Farris, Thomas & Farris, by Robert A. Farris and Robert A. Farris, Jr., for petitioner appellant.*

*Broughton, Wilkins, Ross & Crampton, by J. Melville Broughton, Jr. and William G. Ross, Jr., for respondent appellee.*

MARTIN (Harry C.), Judge.

Petitioner argues two assignments of error, first, the court erred in overruling his plea in bar, and second, the court erred in the entry of the judgment affirming the order of the Board.

[1] In reviewing the Board's order, the proceedings were conducted by the judge without a jury, upon the record made before the Board, and the briefs and oral arguments of the parties. N.C. Gen. Stat. 150A-50. The legislature has adopted the "whole record" test for application by the court in reviewing the Board's order. N.C. Gen. Stat. 150A-51(5). This requires the Board's judgment to be affirmed if upon consideration of the whole record as submitted, the facts found by the Board are supported by competent, material and substantial evidence, taking into account any

contradictory evidence, or evidence from which conflicting inferences could be drawn. *Thompson v. Board of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977). This test is distinguishable from both *de novo* review and the "any competent evidence" standard of review. Under the "whole record" test the reviewing court cannot replace the Board's judgment between two reasonably conflicting views, even though the court could have reached a different conclusion had the matter been before it *de novo*. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Comr. of Insurance v. Rating Bureau*, 292 N.C. 70, 80, 231 S.E. 2d 882, 888 (1977).

The record on appeal indicates that petitioner produced five witnesses, including himself, and respondent Board produced four witnesses. However, the record on appeal does not contain the substance of what the witnesses testified, except as stated in the findings of fact by the Board. The appellant has failed to bring forward into the record on appeal the evidence before the Board, therefore, all the findings of fact made by the Board are deemed supported by material, competent and substantial evidence. *Utilities Comm. v. Electric Membership Corp.*, 276 N.C. 108, 171 S.E. 2d 406 (1970); *Davis v. Davis*, 11 N.C. App. 115, 180 S.E. 2d 374 (1971).

[2]  We hold the findings of fact by the Board are supported by competent, material and substantial evidence in view of the entire record, and they are conclusive upon appeal. *In re Berman*, 245 N.C. 612, 97 S.E. 2d 232 (1957); *In re Hawkins*, 17 N.C. App. 378, 194 S.E. 2d 540, *cert. denied*, 414 U.S. 1001, 38 L.Ed. 2d 237 (1973).

[3]  Petitioner contends his plea in bar should have been sustained because the Board applied N.C.G.S. 90-202.8 to the acts in question when it was not effective until 1 July 1975. This statute authorizes the Board to suspend a license to practice podiatry and invoke such probation terms as it deems fit and proper where the Board is satisfied the practitioner has "obtained or collected or attempted to obtain or collect any fee through fraud, misrepresentation, or deceit." N.C. Gen. Stat. 90-202.8(a)(11).

The statute in effect during 1974 to July 1975, N.C.G.S. 90-197, did not contain this specific provision. This statute sets out four grounds for revocation of a certificate to practice

podiatry, and also authorizes the Board to *suspend* such certificate for not more than six months on account of misconduct which would not, in the judgment of the Board, justify revocation of the certificate.

Petitioner contends that by the enactment of N.C.G.S. 90-202.8, the legislature repealed N.C.G.S. 90-197 and therefore, he cannot be held accountable for acts committed prior to the effective date of N.C.G.S. 90-202.8. We do not agree. Chapter 672 of the Session Laws of 1975 is entitled, "An Act to Rewrite Article 12 of Chapter 90 of the General Statutes Concerning Licensure of Podiatrists." The act proceeds to state, "Chapter 90, Article 12 of the General Statutes is hereby rewritten as follows." The new statute is thereafter set forth. The act does not contain any provision repealing N.C.G.S. 90-197, but rewrites and recodifies it.

We hold the Board had authority after 1 July 1975 to suspend petitioner's certificate to practice podiatry for acts committed by petitioner prior to that date. The legislature authorized the Board to suspend a podiatrist's certificate for misconduct which did not come within one of the four specific categories for revocation but was of the same general character and nature. The four specific categories involve conduct which was unprofessional, immoral and dishonorable in its general character or nature. The principle of *ejusdem generis* applies. *Turner v. Board of Education*, 250 N.C. 456, 109 S.E. 2d 211 (1959). The conduct of petitioner set out in the order of the Board is certainly unprofessional, immoral and dishonorable, and of the same kind, character and nature as those specifically enumerated in N.C.G.S. 90-197.

This authority granted to the Board by the legislature did not terminate 1 July 1975 upon the adoption of N.C.G.S. 90-202.8, but continued for any such misconduct committed prior to that date. *See Rice v. Rigsby* and *Davis v. Rigsby*, 259 N.C. 506, 131 S.E. 2d 469 (1963); N.C. Gen. Stat. 12-4. The trial court properly denied the plea in bar.

In this Court, petitioner raises for the first time the question of the constitutionality of N.C.G.S. 90-197. Having failed to raise this question in the trial court, petitioner may not on appeal attack the statute on that ground. The appellate court will not decide a constitutional question which was not raised or con-

sidered in the trial court. *Wilcox v. Highway Comm.*, 279 N.C. 185, 181 S.E. 2d 435 (1971).

The judgment of the superior court is

Affirmed.

Judges PARKER and MITCHELL concur.