STATE OF NORTH CAROLINA, EX REL. UTILITIES COMMISSION AND SPRINGDALE WATER COMPANY OF RALEIGH, INC. APPELLEES v. SPRINGDALE ESTATES ASSOCIATION INTERVENOR-APPELLANT

No. 7910UC783

(Filed 6 May 1980)

1. Utilities Commission § 56— order of Utilities Commission—judicial review

A rate order of the Utilities Commission will be affirmed if, upon consideration of the whole record as submitted, the facts found by the Commission are supported by competent, material and substantial evidence, taking into account any contradictory evidence or evidence from which conflicting inferences could be drawn.

2. Utilities Commission § 57— water rates—sufficient evidence

The order of the Utilities Commission in a water rate case was based upon competent, material and substantial evidence when the record as a whole is considered.

3. Utilities Commission § 32— water rates—no contributions in aid of construction

There was no evidence in a water rate case to sustain a finding that consumers of the water company made contributions in aid of construction of the water system in a subdivision through the purchase of their lots in the subdivision, and the Utilities Commission did not err in establishing rates for the water company by utilizing the "rate base" method. G.S. 62-133(b).

4. Utilities Commission § 42— water rates—fair return

Rates fixed by the Utilities Commission which would permit a water company to earn a rate of return of 11.85% on original cost net investment were supported by the record as a whole.

APPEAL by intervenor from order of North Carolina Utilities Commission entered 15 May 1979 in Docket No. W-241, Sub 2. Heard in the Court of Appeals 4 March 1980.

This is an appeal by Springdale Estates Association, Intervenor, (hereinafter Estates Association) from a final order of the North Carolina Utilities Commission. Springdale Water Company of Raleigh, Inc. (hereinafter Water Company) filed application pursuant to N.C.G.S. 62-130 on 25 August 1978 with proposed new rates for water service to customers in applicant's service area, Springdale Estates Subdivision. The Commission declared the application a general rate case and set a public hearing for 5 December 1978. Estates Association was allowed to intervene in the general rate case. A hearing was held on the proposed rate increase, where evidence was taken concerning Water Company's financial status, particularly with respect to an outstanding debt shown to be owed by Water Company to Springdale Estates, Inc. for the installation of the water system in the Springdale Estates community. This debt was used to calculate the return on investment necessary in order for Water Company to realize a reasonable profit. Pursuant to Water Company's request, the Commission used a "rate base" formula provided for by N.C.G.S. 62-133 in determining the propriety of a rate increase rather than an "operating ratio" formula also provided by this statute. Water Company's application for a rate increase was approved. On 15 May 1979 a final order was filed by the Commission finding the Water Company's original cost net investment to be $95,696, determining that the rate of return methodology was the appropriate basis for fixing rates for applicant in this proceeding, determining that 11.85 percent was a fair and reasonable rate of return to the applicant, Water Company, and fixing rates deemed necessary to produce such rate of return. From this order Estates Association appealed.

*G. Clark Crampton for North Carolina Utilities Commission —Public Staff.*

*Parker, Sink & Powers, by Henry H. Sink, and Poyner, Geraghty, Hartsfield and Townsend, by David W. Long, for applicant appellee.*

*Allen, Steed and Allen, by Arch T. Allen III and Charles D. Case, for intervenor appellant.*

MARTIN (Harry C.), Judge.

The Utilities Commission and Water Company filed a motion to dismiss this appeal for the reason that the appellant violated the rules concerning the form and contents of assignments of error, arguing that it failed to comply with Rule 10(c) of the North Carolina Rules of Appellate Procedure. This Court found that appellant had violated App. R. 10(c) but nevertheless denied the motion to dismiss under the provisions of App. R. 2, exercising its discretion in allowing appellate review because of the public interest matters arising upon the appeal.

Three questions arise for review upon this appeal: (I.) Is the order of the Utilities Commission based upon competent, material and substantial evidence considering the entire record? (II.) Did the Utilities Commission commit error in establishing rates for the water company by utilizing the "rate base" method? (III.) Did the Utilities Commission by its order establish excessive rates for the applicant? We will discuss the three questions separately.

I. THE SUFFICIENCY OF THE EVIDENCE

[1, 2] The legislature has made the "whole record test" applicable to proceedings before the Utilities Commission by the following language of N.C.G.S. 62-65(a):

> When acting as a court of record, the Commission shall apply the rules of evidence applicable in civil actions in the superior court, insofar as practicable, but no decision or order of the Commission shall be made or entered in any such proceeding unless the same is supported by competent material and substantial evidence upon consideration of the whole record.

This test requires the Commission's order to be affirmed if, upon consideration of the whole record as submitted, the facts found by the Commission are supported by competent, material and substantial evidence, taking into account any contradictory evidence or evidence from which conflicting inferences could be drawn. *Thompson v. Board of Education*, 292 N.C. 406, 233 S.E. 2d 538 (1977); *Boehm v. Board of Podiatry Examiners*, 41 N.C. App. 567, 255 S.E. 2d 328, *cert. denied*, 298 N.C. 294, 259 S.E. 2d 298 (1979). "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclu-

sion. *Comr. of Insurance v. Rating Bureau*, 292 N.C. 70, 231 S.E. 2d 882 (1977). Procedure before the Commission in the trial of utilities matters, and particularly in the admission of evidence, is not so formal as litigation conducted in the superior court. *Utilities Commission v. Telegraph Co.*, 267 N.C. 257, 148 S.E. 2d 100 (1966). The Commission allowed the application of Water Company, Exhibit 3, to be admitted into the evidence. We find no error in this as the testimony revealed that the witness Holland prepared the application but it was verified by Lester C. O'Neal, president of Water Company, who swore that the "data contained in this application and in the exhibits attached hereto and made a part hereof are true to the best of his knowledge and belief." If appellant had desired to attempt to impeach the accuracy of the report, it could have cross-examined Mr. O'Neal concerning it. Although it is true that the applicant, Water Company, had the burden of proof in the proceeding before the Commission, the Commission very properly could consider the evidence produced by the Public Staff in determining whether the applicant had carried such burden of proof. We hold that upon consideration of the whole record there is sufficient competent, material and substantial evidence to sustain the order of the Commission. *Utilities Commission v. Telegraph Co., supra.*

## II. THE USE OF THE "RATE BASE" METHOD

[3] We find no error in the Utilities Commission's establishing rates for the Water Company utilizing the "rate base" method. Appellant contends the rate base method used by the Commission was overstated because of the inclusion of amounts paid by homeowners through the purchase of their lots. Appellant contends that in the purchase of the lots there was included certain amounts, estimated by them to be approximately $750 per lot, which went to the repayment of the cost of the water system. This argument would lead to the conclusion that since the water system was already paid for when the Water Company began operating as a utility, the figure adopted by the Commission as the original cost net investment is overstated and therefore the rate base was artificially inflated to produce the supposed need for increased revenues. The Water Company has produced evidence indicating that as of the date of the transfer of the water system to it, the Water Company owed a debt to Springdale Estates of $99,074.62, representing a running account be-

tween the two companies, and that thereafter a promissory note evidencing a debt in that amount was executed by the Water Company for the benefit of Springdale Estates.

In this proceeding, the Water Company requested that the rates be fixed under N.C.G.S. 62-133(b), the pertinent provisions being:

In fixing such rates, the Commission shall:

(1) Ascertain the reasonable original cost of the public utility's property used and useful, or to be used and useful within a reasonable time after the test period, in providing the service rendered to the public within this State, less that portion of the cost which has been consumed by previous use recovered by depreciation expense plus the reasonable original cost of investment in plant under construction (construction work in progress). In ascertaining the cost of the public utility's property, construction work in progress as of the effective date of this subsection shall be excluded until such plant comes into service but reasonable and prudent expenditures for construction work in progress after the effective date of this subsection shall be included subject to the provisions of subparagraph (b)(5) of this section.

(2) Estimate such public utility's revenue under the present and proposed rates.

(3) Ascertain such public utility's reasonable operating expenses, including actual investment currently consumed through reasonable actual depreciation.

(4) Fix such rate of return on the cost of the property ascertained pursuant to subdivision (1) as will enable the public utility by sound management to produce a fair return for its shareholders, considering changing economic conditions and other factors, as they then exist, to maintain its facilities and services in accordance with the reasonable requirements of its customers in the territory covered by its franchise, and to compete in the market for capital funds on terms which are reasonable and which are fair to its customers and to its existing investors.

.  .  .  .

(5) Fix such rates to be charged by the public utility as will
earn in addition to reasonable operating expenses ascer-
tained pursuant to subdivision (3) of this subsection the
rate of return fixed pursuant to subdivisions (4) and (4a)
on the cost of the public utility's property ascertained
pursuant to subdivision (1).

Water Company had a right under N.C.G.S. 62-133.1(a) to
make this request and the Utilities Commission adopted this
method in fixing the rates of the Water Company in this pro-
ceeding. This is consistent with the prior orders of the Commis-
sion in setting the rates for the applicant in 1974.

Appellant relies upon *Utilities Comm. v. Utilities, Inc.*, 288
N.C. 457, 219 S.E. 2d 56 (1975), which stands for the proposition
that a public utility cannot claim as a part of its rate base any
portion of the cost of its utilities system for which it is not
obligated or charged or has not paid. We find that the evidence in
this case is not sufficient to sustain a finding that any of the pur-
chasers of lots in Springdale Estates thereby contributed
anything to the cost of the water system. Several of the
witnesses testified that they felt that they had paid more for
their property than they would have paid if no water system
were available to the property, but all of the evidence indicates
that there was no breakdown between the cost of the land and
the alleged amount to be applied as a part of the cost of the
water system. In this case the Water Company has been charged
with and is responsible for the entire cost of the water system
and has not received any contribution to this cost from any of the
purchasers of property in the subdivision who are its consumers.
Under the evidence before the Commission in this proceeding, we
hold that the question of contribution in aid of construction of the
water system set out in *Utilities Comm. v. Utilities, Inc., supra*, is
not applicable in this case.

### III. THE EXCESSIVENESS OF THE RATES

[4]  As stated above, we find there is no evidence to sustain a
holding that there were in fact contributions by consumers of the
Water Company in aid of construction of the water system, either
directly or indirectly. The question remains whether the rates

fixed by the Commission are fair both to the public utility and to the consumer. N.C. Gen. Stat. 62-133(a). Upon appeal, rates fixed by the Commission are deemed prima facie just and reasonable. N.C. Gen. Stat. 62-94(e). If the rates are reasonable upon an application of the whole record test, we are bound by the findings of fact establishing them and may not reach a different finding merely because we could have reached another determination upon the evidence. *Thompson v. Board of Education, supra.* In the review of orders from the Commission by this Court, our action is guided by N.C.G.S. 62-94, and where the Commission's actions do not violate the Constitution or exceed statutory authority, appellate review is limited to errors of law, arbitrary action, or decisions unsupported by competent, material and substantial evidence. We look to the findings of fact and conclusions of the Commission and determine whether the Commission has considered the factors required by law and whether its findings are supported by competent, substantial and material evidence in view of the whole record. *Utilities Comm. v. Power Co.*, 285 N.C. 398, 206 S.E. 2d 283 (1974); *In re Duke Power Co.*, 37 N.C. App. 138, 245 S.E. 2d 787, *disc. rev. denied, appeal dismissed*, 295 N.C. 646 (1978).

We hold the findings of fact and conclusions of law and the order of the Commission are fully supported by competent, material and substantial evidence in view of the whole record. There is no showing that the Commission has established excessive rates or that there is any material error in the proceedings.

The order of the Utilities Commission is

Affirmed.

Judges PARKER and HILL concur.