H. ALLEN WILCOX v. NORTH CAROLINA STATE HIGHWAY COMMISSION

No. 95

(Filed 10 June 1971)

1. **Appeal and Error § 3— constitutional questions — appellate review**
    The Supreme Court will not decide a constitutional question which was not raised or considered in the court below.

2. **Eminent Domain § 13— recovery of compensation under G.S. 136-111**
    A landowner's right to recover compensation by court action under G.S. 136-111 in no way depends upon whether the Highway Commission intends to compensate him.

3. **Eminent Domain § 13— action by landowner under G.S. 136-111 — two-year statute of limitations**
    Where the Highway Commission intentionally appropriated in perpetuity an easement across plaintiff's land, but filed no complaint or declaration of taking, and plaintiff had knowledge of the appropriation, action to obtain compensation for the taking instituted by plaintiff under G.S. 136-111 more than twenty-four months after the taking is barred by the statute of limitations provided in that statute.

APPEAL by plaintiff from *Martin, J. (Harry C.)*, 31 August 1970 Session of MECKLENBURG, transferred from the Court of Appeals for initial appellate review by the Supreme Court under its general order of 31 July 1970, entered pursuant to G.S. 7A-31(b)(4).

This is an action instituted against the North Carolina State Highway Commission (Commission) under G.S. 136-111 to obtain compensation for the alleged taking of plaintiff's property. The following facts are stipulated:

Plaintiff and his wife, as tenants by the entireties, own two lots of land fronting on Eastway Drive in Charlotte, North Carolina. The lots do not adjoin. The first, known as 2331 Eastway Drive, has a frontage of 180 feet; the second, known as 725 Eastway Drive, has a frontage of 65 feet. In order to widen Eastway Drive (State Highway Project No. 8.2722202), on 1 April 1969, Commission appropriated in perpetuity an easement 30 feet x 180 feet across the front of the first lot. For the same purpose, on 30 May 1969, Commission appropriated a similar easement 30 feet x 65 feet across the front of the second lot. On 23 June 1969, more than 24 months after Commission had appropriated these easements, plaintiff instituted this action to recover damages in the sum of $6,000.00 for the taking.

*Inter alia,* the complaint alleges that, in widening Eastway Drive "during late 1966 and early 1967," defendant reduced the area of plaintiff's property and removed valuable shade trees and underground tile; that defendant had taken plaintiff's property "without notice and without compensation . . . and that plaintiff has at no time been offered or paid any sums whatsoever for the property which was thus taken."

Answering, defendant alleged: (1) Street-widening Project No. 8.2722202 was "solely within a previously existing 100-foot wide right-of-way easement belonging to the State Highway Commission. . . . "; (2) the taking of the property described in the complaint occurred more than 24 months before the institution of this action, and "defendant specifically pleads the statute of limitations set forth in G.S. 136-111" in bar of plaintiff's right to maintain this action.

At the pretrial hearing held pursuant to G.S. 136-108, after finding facts in accordance with the parties' stipulations and the admissions in the pleadings, Judge Martin ruled that "this action is barred by the provisions of G.S. 136-111." From his judgment dismissing the suit, plaintiff appealed.

*Gene H. Kendall for plaintiff appellant.*

*Attorney General Morgan, Deputy Attorney General White, Assistant Attorney General McDaniel for defendant appellee.*

SHARP, Justice.

In pertinent part of G.S. 136-111 provides: "Any person whose land or compensable interest therein has been taken by an intentional or unintentional act or omission of the Highway Commission and no complaint and declaration of taking has been filed by said Highway Commission may, within twenty-four (24) months of the date of said taking, file a complaint in the superior court . . . for the purpose of determining all matters raised by the pleadings and the determination of just compensation." The portion omitted from the preceding quotation relates to procedural requirements.

Commission concedes that the taking of the easements across plaintiff's two lots was an intentional act and that it filed no complaint or declaration of taking. Although Commission alleges that the portion of plaintiff's property which was used to widen Eastway Drive was included within a right-of-way it had previously acquired, it now defends solely on the ground that plaintiff's action is barred by the requirement of G.S. 136-111 that the action be brought within twenty-four months of the date of the taking.

Plaintiff, unable to gainsay that he instituted this action more than two years after the taking, for the first time, asserted in his assignments of error that G.S. 136-111 is unconstitutional as applied to the facts of this case. He contends that when the State took the easements in suit it had no intention of compensating him and, in such a case, due process requires written notice to the landowner that he will receive no compensation unless he brings suit within the specified time.

[1, 2] Having failed to question the constitutionality of G.S. 136-111 in the trial court, plaintiff may not on appeal attack the statute upon that ground. "It is a well established rule of this Court that it will not decide a constitutional question which was not raised or considered in the court below." *Johnson v. Highway Commission,* 259 N.C. 371, 373, 130 S.E. 2d 544, 546. *Accord, Bland v. City of Wilmington,* 278 N.C. 657, 180, S.E. 2d 813. *See also Ramsey v. Veterans Commission,* 261 N.C. 645, 135 S.E. 2d 659; *Sheets v. Walsh,* 217 N.C. 32, 6 S.E. 2d 817. We note, however, that a landowner's right to recover compensation by court action under G.S. 136-111 in no way depends upon whether the Commission intends to compensate him. *Inter*

*alia,* Commission may contend, as here, that it owns the right-of-way actually appropriated, or, as it often does, that the landowner was not damaged by the taking.

**[3]** G.S. 136-111 was designed to limit the time within which an action such as this can be brought. Prior to 1965 the time limit for bringing such a suit was twelve months. In 1965 the time was increased to twenty-four months. N. C. Sess. Laws ch. 514, § 1½ (1965). The facts stipulated establish that plaintiff— notwithstanding he had actual knowledge that Commission had appropriated his property—did not bring this action for compensation within the time fixed by G.S. 136-111 for its commencement. Defendant's plea of the statute is a complete defense to the action. It was properly dismissed.

Affirmed.