JEAN LEE TETTERTON, ADMINISTRATRIX OF THE ESTATE OF ORLANDER B. TETTERTON, DECEASED v. LONG MANUFACTURING COMPANY, INC., AND REVELS TRACTOR COMPANY, INC.

No. 833SC476

(Filed 3 April 1984)

**Appeal and Error § 3— review of constitutional question**

The appellate court will not pass upon the constitutionality of a statute where the record does not affirmatively disclose that the constitutionality of the statute was raised, discussed, considered, or passed upon in the trial court.

Judge BECTON concurring in the result.

APPEAL by plaintiff and defendant Revels Tractor Company, Inc., from *Reid, Judge.* Judgment entered 23 February 1983 in Superior Court, PITT County. Heard in the Court of Appeals 13 March 1984.

This is a civil action wherein plaintiff seeks to recover damages for the wrongful death of her intestate, Orlander B. Tetterton, resulting from the alleged negligence of defendants. The record before us discloses the following:

Plaintiff filed her complaint on 6 October 1981, alleging that her intestate was killed on 8 July 1981 as a proximate result of the negligence of defendants. Defendant Long Manufacturing manufactured the tobacco bulk harvester that caused the death of Mr. Tetterton, and defendant Revels Tractor Company sold the harvester to Mr. Tetterton. Defendant Long Manufacturing filed its answer on 25 November 1981, alleging among other things that plaintiff's claim was barred by the applicable statute of limitations, set out in N.C. Gen. Stat. Sec. 1-50(6). On 3 December 1981 defendant Revels Tractor Company filed its answer denying

any liability to plaintiff and filed crossclaims against defendant Long seeking contribution and indemnity. On 30 November 1982 defendant Long filed a motion for summary judgment, which it supported with pleadings, answers to interrogatories, and affidavits. On 23 February 1983 the trial court entered summary judgment for defendant Long on plaintiff's claims and defendant Revels' crossclaims. Plaintiff and defendant Revels appealed.

*Gaylord, Singleton, McNally & Strickland, by L. W. Gaylord, Jr., and Vernon G. Snyder, III, for plaintiff, appellant.*

*Young, Moore, Henderson & Alvis, P.A., by John E. Aldridge, Jr., and Robert C. Paschal, for defendant Revels Tractor Company, Inc., appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey and Patricia L. Holland, for defendant Long Manufacturing Company, Inc., appellee.*

HEDRICK, Judge.

The record shows that all parties entered into the following stipulation:

(4) For the sole purpose of this appeal, summary judgment on behalf of Long Manufacturing Company, Inc. would only be appropriate if plaintiff's action is barred by the applicable North Carolina statute of limitations.

The only assignment of error brought forward and argued in plaintiff's brief is set out in the record as follows:

I. The Court improperly granted Motion for Summary Judgment by defendant Long Manufacturing Company, Inc., in that the statute upon which defendant's Motion was based is unconstitutional on its face.

The only assignment of error brought forward and argued in defendant Revels' brief is set out in the record as follows:

I. The Court improperly granted the Motion for Summary Judgment of the Defendant, Long Manufacturing Company, Inc., in that the Statute relied upon by both the movant and the Court is unconstitutional.

The only argument advanced on appeal by appellants is that N.C. Gen. Stat. Sec. 1-50(6) is unconstitutional.

In *Wilcox v. Highway Comm.*, 279 N.C. 185, 181 S.E. 2d 435 (1971), the plaintiff appealed from a decision dismissing his suit as barred by the applicable statute of limitations. Plaintiff's argument on appeal was that the statute in question was unconstitutional. In upholding the decision of the trial court, our Supreme Court said, "Having failed to question the constitutionality of G.S. 136-111 in the trial court, plaintiff may not on appeal attack the statute upon that ground. 'It is a well established rule of this Court that it will not decide a constitutional question which was not raised or considered in the court below.'" *Id.* at 187, 181 S.E. 2d at 437 (quoting *Johnson v. Highway Commission*, 259 N.C. 371, 373, 130 S.E. 2d 544, 546 (1963)). *See also Midrex Corp. v. Lynch, Sec. of Revenue*, 50 N.C. App. 611, 274 S.E. 2d 853, *disc. rev. denied and appeal dismissed*, 303 N.C. 181, 280 S.E. 2d 453 (1981):

> The record does not contain anything in the pleadings, evidence, judgment or otherwise, to indicate that any constitutional argument was presented to the trial court. The appellate court will not decide a constitutional question which was not raised or considered in the trial court. . . . The record must affirmatively show that the question was raised and passed upon in the trial court. . . . This is in accord with the decisions of the United States Supreme Court. *Edelman v. California*, 344 U.S. 357, 97 L.Ed. 387 (1953).

*Id.* at 618, 274 S.E. 2d at 857-58.

The record before us does not affirmatively disclose that the constitutionality of N.C. Gen. Stat. Sec. 1-50(6) was raised, discussed, considered, or passed upon in the trial court. We will not pass upon the question in this case, where it is raised and discussed for the first time on appeal.

Summary judgment for Long Manufacturing Company will be affirmed, and the cause is remanded to the Superior Court for further proceedings.

Affirmed.

Tetterton v. Long Mfg. Co.

Judge HILL concurs.

Judge BECTON concurs in the result.

Judge BECTON concurring in the result.

Because, and only because, I find a clear suggestion in *Bolick v. American Barmag Corp.*, 306 N.C. 364, 293 S.E. 2d 415 (1982) and *Lamb v. Wedgewood South Corp.*, 308 N.C. 419, 302 S.E. 2d 868 (1983) that the applicable statute of repose, N.C. Gen. Stat. Sec. 1-50(6), is constitutional, I concur in the result affirming the trial court. Indeed, because I personally believe G.S. Sec. 1-50(6) is constitutionally infirm on several grounds, I could have more easily concurred in the opinion authored by Judge Hedrick had I been convinced that the "constitutionality of [the statute] was [not] raised, discussed, considered, or passed upon in the trial court." Although the judgment itself is silent on the point, the representations made by the parties at oral argument coupled with the stipulations in the record suggest that the trial court considered, and passed upon, the constitutionality of the statute. The "Stipulated Facts" show, among other things, that the plaintiff's intestate was killed while working with the tobacco harvester one day after he purchased it and that plaintiff's action was filed more than six years after the initial sale and delivery of the tobacco harvester. The "Stipulation of Agreed Record on Appeal" recites, among other things, that "for the sole purpose of this appeal, summary judgment on behalf of Long Manufacturing Company, Inc., would only be appropriate if plaintiff's action is barred by the applicable North Carolina statute of limitations."

For the reasons set forth above, I concur in the result.