ROY L. KIRKMAN AND WIFE, LULA B. KIRKMAN; CLINTON (NMI) KIRKMAN AND WIFE, ANN LYVONNE KIRKMAN; AND JAMES E. KIRKMAN (UNMARRIED), PLAINTIFFS v. ADDIE WILSON (WIDOW); ZENO M. EVERETTE, JR. AND WIFE, CAROL H. EVERETTE; ERNEST F. BOYD AND WIFE, SYBIL E. BOYD; BRENDA H. MANNING; LOUIS EARL TOLER AND WIFE, JOYCE D. TOLER; LINWOOD EARL BRAXTON AND WIFE, EARLINE BRAXTON; ELVIRA JOHNSON (WIDOW); RICHARD D. JEWELL AND WIFE, PATSY JOHNSON JEWELL; AND MARIE H. WISE (WIDOW), DEFENDANTS AND THIRD PARTY PLAINTIFFS v. J. L. WILSON AND WIFE, ADDIE WILSON; CORA LEE BAILEY AND HUSBAND, DENNIS BAILEY; JIMMY MORRIS AND WIFE, JANICE MARLINE MORRIS; DORIS EVELYN SADLER AND HUSBAND, CLEM M. SADLER; BRITT ANNIE WARREN AND HUSBAND, JAMES W. WARREN; DORA LEE SUMRELL AND HUSBAND, WILLIAM H. SUMRELL; STEPHEN KITE AND WIFE, JULIA LAURA KITE; GUY C. FORNES AND WIFE, LENA FRANCES FORNES; JAMES S. DIXON AND WIFE, AMANDA DIXON; AND CLAUDIS DIXON AND WIFE, ADA MAE DIXON, THIRD PARTY DEFENDANTS

No. 893SC407

(Filed 1 May 1990)

1. **Quieting Title § 2.2 (NCI3d); Trespass to Try Title § 4 (NCI3d) — vested remainders — extinguishment under Real Property Marketable Title Act — when exempted**

    Vested remainders are exempted from extinguishment under the Real Property Marketable Title Act if they are disclosed by the muniments of title of which the competing titleholder's thirty-year chain of record title is formed provided they are referred to specifically by book and page of the recorded

KIRKMAN v. WILSON

[98 N.C. App. 242 (1990)]

title transaction which imposed, transferred or continued those remainders. N.C.G.S. § 47B-3(1).

**Am Jur 2d, Quieting Title §§ 10, 50, 55, 56; Records and Recording §§ 129-134, 146, 147, 173.**

2. **Quieting Title § 2.2 (NCI3d); Trespass to Try Title § 4 (NCI3d) — vested remainders—extinguishment under Real Property Marketable Title Act**

   Where testator's will devised all of his property to his son for life without the privilege to sell or convey with the remainder to the son's children (plaintiffs), but the transcription in the will book in the Clerk of Court's office erroneously stated that the property was devised to the son "with the right or privilege to sell or convey," the son and his wife conveyed in fee simple all the devised lands by various general warranty deeds, and each defendant claims title as a result of mesne conveyances from the son and his wife, plaintiffs' nonpossessory vested remainder interests were extinguished under the Real Property Marketable Title Act by the marketable record title of certain defendants where (1) plaintiffs did not register their interests pursuant to N.C.G.S. § 47B-4, and (2) no deed in the thirty-year record chain of title of each of those defendants referred specifically to testator's will. However, plaintiffs' vested remainder interests were not extinguished by the marketable record title of other defendants whose thirty-year record chain of title contained deeds specifically referring to testator's will by book and page number.

   **Am Jur 2d, Quieting Title §§ 10, 50, 55, 56; Records and Recording §§ 129-134, 146, 147, 173.**

3. **Appeal and Error § 3 (NCI3d) — review of constitutional question — consideration by trial court as prerequisite**

   The Court of Appeals will not pass upon the constitutionality of the Real Property Marketable Title Act when applied to extinguish vested remainders where the record does not affirmatively reveal that the constitutional question was raised, discussed, considered or passed upon by the trial court.

   **Am Jur 2d, Appeal and Error § 14.**

   Judge GREENE concurring in part and dissenting in part.

KIRKMAN v. WILSON

[98 N.C. App. 242 (1990)]

APPEAL by plaintiffs from judgment entered 23 November 1988 by *Judge Charles B. Winberry, Jr.* in CRAVEN County Superior Court. Heard in the Court of Appeals 18 October 1989.

This is a declaratory judgment action in which plaintiffs seek a judgment declaring them fee simple owners of a tract of land in Craven County, ejecting defendants and giving plaintiffs possession of the property.

The parties agree that fee simple title to all of the land in question was vested in A. E. Kirkman some time before 22 August 1936. A. E. Kirkman died testate on 11 May 1941. In his will dated 22 August 1936, he devised all of his property to his son, G. C. Kirkman "to have and to use during his life time [sic], with out [sic] the right or privilige [sic] to sell or convey the said relstate [sic] in any form or manner," with the remainder left to the children of his son, G. C. Kirkman. Plaintiffs are the sons of G. C. Kirkman who were living at the time of their grandfather's death.

A. E. Kirkman's original will was filed in Folio Number 27 in the Office of the Clerk of Superior Court in Craven County but was also recorded by transcription in Will Book K, page 27 in the Craven County's Clerk's Office. The transcription in Will Book K erroneously included that the property was devised to G. C. Kirkman "with the right or privilege to sell or convey" the property.

Between January 1947 and October 1949, G. C. Kirkman and wife, Sabrah L. Kirkman (also known as Sabrah E. Kirkman, Sabrah Elizabeth Kirkman and Sabra Elizabeth Kirkman), conveyed in fee simple all the lands inherited by general warranty deeds. Each defendant here claims title as a direct result of mesne conveyances from G. C. Kirkman and Sabrah L. Kirkman.

G. C. Kirkman died on 13 November 1982. Plaintiffs brought this action in 1985 claiming superior title in the tracts of land by virtue of the vested remainder interest allegedly granted by A. E. Kirkman's will. Defendants argue that plaintiffs' interests were extinguished by the Marketable Title Act. In 1984 the error in the transcription of A. E. Kirkman's will was corrected in Will Book K, page 27 at the foot of the original transcription.

At trial, the trial judge found that several defendants were listed on the tax records as owners of the real property in issue and had been listed as owners for more than 30 years next preceding

KIRKMAN v. WILSON

[98 N.C. App. 242 (1990)]

the institution of this action. The trial judge also found that none of plaintiffs were listed on the tax records as owners or had paid the taxes. The trial judge further found that defendants were bona fide purchasers for value when they acquired the property and had no notice of plaintiffs' claim until the institution of this suit.

The trial judge concluded that "[a]ny rights of the plaintiffs in the lands owned by A. E. Kirkman at the time of his death, as vested remaindermen under the Will of A. E. Kirkman, have been extinguished by Chapter 47B of the General Statutes of North Carolina (Real Property Marketable Title Act)." Plaintiffs appeal.

*Ward & Smith, by J. Randall Hiner and Leigh A. Allred, for plaintiff-appellants.*

*LeBoeuf, Lamb, Leiby & MacRae, by Jane Flowers Finch, for defendant-appellees Zeno M. Everette, Jr. and Carol H. Everette.*

EAGLES, Judge.

Initially, we note that the trial court ordered a bifurcated trial because there were numerous issues in controversy. There still remain several unresolved issues of law and fact that were raised by the pleadings. After the parties agreed and stipulated that the issue raised by the Marketable Title Act was most significant, the trial judge ordered a separate trial on the issue involving the Marketable Title Act. " 'Pursuant to G.S. section 1-277 and G.S. section 7A-27, no appeal lies to an appellate court from an interlocutory order or ruling of a trial judge unless such order or ruling deprives the appellant of a substantial right which he would lose absent a review prior to final determination.' " *Thompson v. Newman*, 74 N.C. App. 597, 598, 328 S.E. 2d 597, 598 (1985) [citations omitted]. While this appeal is interlocutory in nature, because of the substantial rights involved we elect to treat plaintiffs' appeal as a petition for certiorari and will consider their appeal.

Plaintiffs' sole assignment of error is the trial court's conclusion that the North Carolina Real Property Marketable Title Act extinguished their vested remainder interest. Plaintiffs argue that the "application of the Act so as to extinguish Appellant's vested remainder in fee would be unconstitutional under both the United States and North Carolina Constitutions." Plaintiffs also argue that even if the application of the North Carolina Real Property Marketable Title Act can extinguish appellants' vested remainder

in fee, appellants' interest is excepted from extinguishment pursuant to North Carolina General Statutes section 47B-3(1).

I.  North Carolina Real Property Marketable Title Act

Initially, we note that "[t]he Real Property Marketable Title Act was enacted by the General Assembly of North Carolina in an effort to expedite the alienation and marketability of real property." *Heath v. Turner*, 309 N.C. 483, 488, 308 S.E. 2d 244, 247 (1983), *citing* Note, *North Carolina Marketable Title Act Section 47B-2(D)— Proof of Title—Relief at Last for the Plaintiff Instituting Land Actions*, 10 W.F.L. Rev. 312 (1974).

G.S. 47B-2 provides:

Marketable record title to estate in real property; 30-year unbroken chain of title of record; effect of marketable title.

(a) Any person having the legal capacity to own real property in this State, who, alone or together with his predecessors in title, shall have been vested with any estate in real property of record for 30 years or more, shall have a marketable record title to such estate in real property.

(b) A person has an estate in real property of record for 30 years or more when the public records disclose a title transaction affecting the title to the real property which has been of record for not less than 30 years purporting to create such estate either in:

(1) The person claiming such estate; or

(2) Some other person from whom, by one or more title transactions, such estate has passed to the person claiming such estate;

with nothing appearing of record, in either case, purporting to divest such claimant of the estate claimed.

(c) Subject to the matters stated in G.S. 47B-3, such marketable record title shall be free and clear of all rights, estates, interests, claims or charges whatsoever, the existence of which depends upon any act, title transaction, event or omission that occurred prior to such 30-year period. All such rights, estates, interests, claims or charges, however denominated, whether such rights, estates, interests, claims or charges are or appear to be held or asserted by a person

sui juris or under a disability, whether such person is natural or corporate, or is private or governmental, are hereby declared to be null and void.

(d) In every action for the recovery of real property, to quiet title, or to recover damages for trespass, the establishment of a marketable record title in any person pursuant to this statute shall be prima facie evidence that such person owns title to the real property described in his record chain of title. (1973, c. 255, s. 1; c. 881; 1981, c. 682, s. 11.)

"A person seeking to establish marketable record title under the Act must directly or through predecessors in title establish a root of title that is at least 30 years old. This is done by tracing back to a 'title transaction' located at or beyond the 30 year period." P. Hetrick, Webster's Real Estate Law in North Carolina, section 508.3 (rev. ed. 1988). "The term 'title transaction' means any transaction affecting title to any interest in real property, including but not limited to title by will or descent, title by tax deed, or by trustee's, referee's, commissioner's, guardian's, executor's, administrator's, or sheriff's deed, contract, lease or reservation, or judgment or order of any court, as well as warranty deed, quitclaim deed, or mortgage." G.S. 47B-8(2).

[1] Whether the North Carolina Real Property Marketable Title Act (hereinafter Act) can extinguish vested remainders has not been determined in this State. In order to facilitate the transferability and marketability of real property, the Act requires that a person claiming a right, estate, interest or charge which is non-possessory and would be extinguished by the Act to register that interest in the county's Register of Deeds' Office. G.S. 47B-4. In order to protect the rights of those with non-possessory interests in property in the years immediately following the Act's enactment, the 1973 Act did not become effective against those interests created prior to the Act's enactment until three years after the enactment of the Act. G.S. 47B-5. Nothing in the Act indicates that the General Assembly intended to except vested remainders from its application. The only exceptions are stated in G.S. 47B-3 which enumerates the rights left unaffected by the Act. While G.S. 47B-3 does not explicitly list vested remainders, we infer that vested remainders are exempted if they are "disclosed by . . . the muniments of title of which such 30 year chain of record title is formed" provided they are referred to *specifically* by reference to book and page of recorded title transaction which imposed, transferred, or con-

tinued those rights, estates, interests, claims, or charges. G.S. 47B-3(l); *see also Town of Winton v. Scott*, 80 N.C. App. 409, 342 S.E. 2d 560 (1986), *aff'd*, 318 N.C. 690, 351 S.E. 2d 298 (1987).

[2] Here the record does not indicate that plaintiffs registered their interest pursuant to G.S. 47B-4. Accordingly, in order for plaintiffs' interest to be preserved, the interest must be revealed in the muniments of title during the 30 year period. Because plaintiffs' vested remainder here resulted from devise of the life estate to G. C. Kirkman in the Kirkman will, if any of the deeds in each respective defendant's 30 year record chain of title refers to A. E. Kirkman's will specifically by book and page number, plaintiffs' interest would then be revealed in the muniments of title and plaintiffs' vested remainder would survive as to that defendant's competing claim.

II.

We now examine the record chain of title of each defendant to ascertain if plaintiffs' interest appears in the muniments of title thereby excepting their interest from extinguishment by operation of the Act.

First, we note that this action for declaratory judgment was instituted on 22 January 1985. Pursuant to G.S. 47B *et seq.* this is the operative date for determining the record chain of title. The 30 year period would have commenced on 22 January 1955. If a title transaction has not occurred on this date, we then proceed to the next earliest title transaction before commencement of the 30 year period. If plaintiffs' interest does not appear in any instrument in the record chain of title executed from the last title transaction to the date of purchase of that property, plaintiffs' vested remainder is extinguished and defendants are entitled to remain in possession of the property. *See also* P. Hetrick, Webster's Real Estate Law in North Carolina, Section 508.3 (rev. ed. 1988).

A. Defendant Elvira Johnson

Defendant Elvira Johnson acquired her property on 4 November 1949. This was the first title transaction beyond the 30 year period. The deed conveying the property to Johnson specifically refers to the A. E. Kirkman will probated on 17 May 1941 and appearing in Will Book K, at page 27, in the Office of the Clerk of Superior Court of Craven County. Since the will containing plaintiffs' interest is found in defendant's record chain of title, plaintiffs' in-

terest with respect to this particular defendant is excepted from the Act and is not extinguished.

### B. Defendants Richard Jewell and wife, Patsy Jewell

On 4 March 1959, defendants Jewell received their property from Clyde Johnson and wife, Elvira Johnson. The next title transaction occurring after the expiration of the 30 year period was the deed from W. H. Buck and wife, Sallie G. Buck, to the Johnsons. Since the Johnson deed which is part of the record chain of title specifically refers to the Kirkman will, the defendants had notice of plaintiffs' interest as contemplated by the Act and plaintiffs' interest is not extinguished.

### C. Defendant Marie H. Wise

Defendant Marie H. Wise became owner of her tract of land on 18 May 1977 after a conveyance from defendant Elvira Johnson. The next preceding title transaction after the expiration of the 30 year period was the deed from Will Buck and wife, Sallie G. Buck, to defendant Johnson. Accordingly, because plaintiffs' interest was revealed in the muniments of title, plaintiffs' interest is not extinguished by the Act.

### D. Defendant Addie Wilson

On 7 October 1949, G. C. Kirkman and wife, Sabrah L. Kirkman, conveyed a tract of land directly to defendant Addie Wilson and her deceased husband, G. L. Wilson. We note that the record reflects that defendant Addie Wilson has died and that plaintiffs have submitted a motion to substitute Addie Wilson's successors in interest as defendants in this matter. This conveyance was the next preceding title transaction occurring after the 30 year period. The Wilson deed specifically referred to the Kirkman will. As a result, plaintiffs' interest in this particular land was not extinguished by the Act.

### E. Defendants Ernest F. Boyd and wife, Sybil E. Boyd

Defendants Ernest and Sybil Boyd received their property on 5 March 1962 from Jimmie and Janice Morris. The next title transaction following the expiration of the 30 year period was the conveyance from G. L. and Addie Wilson to Dennis and Cora Bailey on 10 September 1952. None of the deeds in defendants' record chain of title specifically refers to the Kirkman will. Accordingly, plaintiffs' interest was extinguished by operation of the Act.

### F. Defendants Zeno M. Everette and wife, Carol Everette

On 15 May 1978, W. H. Gurkin and wife, Carthene Gurkin, conveyed a portion of the disputed land to defendants Zeno M. and wife, Carol Everette. The next preceding title transaction following the expiration of the 30 year period was the Kirkman to Wilson deed on 7 October 1949. Since this deed specifically mentions the Kirkman will, plaintiffs' interest in this land was not extinguished by the Act.

### G. Defendant Brenda H. Manning

On 7 July 1975, Sallie G. Buck conveyed a tract of land to defendant Brenda H. Manning. Buck's predecessor in interest received the property on 16 October 1947 by deed from G. C. and Sabrah Kirkman. This constituted the next preceding title transaction following the expiration of the thirty year period. There is no mention of the Kirkman will in this deed from G. C. and Sabrah Kirkman. As a result, defendant Manning had no notice of plaintiffs' interest as contemplated by G.S. 47B-3. Plaintiffs' right is extinguished by operation of the Act.

### H. Defendant Linwood E. Braxton and wife, Earline Braxton

Defendants Braxton received their parcel as a result of a conveyance from defendants Claude and Ada M. Dixon. The next preceding title transaction following the expiration of the 30 year period was the transfer from Guy and Lena Fornes to James and Amanda Dixon. Neither this deed nor any other deed in defendants' record chain of title mentioned the Kirkman will. Accordingly, plaintiffs' interest did not appear in the muniments of title as contemplated by G.S. 47B-3, and plaintiffs' right is extinguished by operation of the Act.

### I. Defendants Louis Earl Toler and wife, Joyce D. Toler

Defendants Toler received their property from the heirs at law of Sallie G. Buck, devisee of the disputed property. W. R. Buck received the property from G. C. and Sabrah Kirkman on 16 October 1947. This was the next preceding title transaction following the expiration of the thirty year period. This deed does not mention the Kirkman will. Accordingly, plaintiffs' interest is not revealed by muniments of title and is extinguished by operation of the Act.

III.  Constitutionality of the Act

[3]  We now address plaintiffs' contention that the application of the Act to extinguish vested remainders is unconstitutional under the United States and North Carolina Constitutions. Plaintiffs argue that "[a]n interpretation of the Act which extinguishes Appellants' vested property rights, and vests title in Appellees is in violation of the prohibition against retroactive impairment of vested rights implicit in the Due Process Clause of the United States Constitution and the Law of the Land provision of the North Carolina Constitution." The plaintiffs further argue that the Act is unconstitutional because "it imposes a new duty with respect to transactions already passed, by requiring the registering of notice of an already vested interest and thereby transforming a vested property right into a mere contingency." The plaintiffs also argue that the Act is unconstitutional because it extinguishes rights "without providing any constitutionally required notice."

The well-established rule of this Court is that it will not pass upon a constitutional question which was not raised or considered in the court below. *Midrex Corp. v. Lynch, Sec. of Revenue*, 50 N.C. App. 611, 274 S.E. 2d 853, *disc. rev. denied and appeal dismissed*, 303 N.C. 181, 280 S.E. 2d 453 (1981), *citing Wilcox v. Highway Comm.*, 279 N.C. 185, 181 S.E. 2d 435 (1971); *Boehm v. Board of Podiatry Examiners*, 41 N.C. App. 567, 255 S.E. 2d 328, *cert. denied*, 298 N.C. 294, 259 S.E. 2d 298 (1979); *see also State v. Creason*, 313 N.C. 122, 326 S.E. 2d 24 (1985); *Tetterton v. Long Mfg. Co., Inc.*, 67 N.C. App. 628, 313 S.E. 2d 250 (1984). In *Midrex*, plaintiff argued that a tax statute was unconstitutional when applied under the facts of the case. Plaintiff advanced the argument for the first time on appeal. In rejecting plaintiff's argument, the *Midrex* court stated that "[t]he record does not contain anything in the pleadings, evidence, judgment or otherwise, to indicate that any constitutional argument was presented to the trial court. . . ." The record must affirmatively show that the question was raised and passed upon in the trial court. This is in accord with the decisions of the United States Supreme Court. *Id*. at 618, 274 S.E. 2d at 857-8.

After careful review of the record before us, we find that it does not affirmatively reveal that the constitutionality of the Act was raised, discussed, considered or passed upon by the court below. *See Tetterton, supra*. We note that plaintiffs contended in the pre-trial order that one of the questions of law to be deter-

mined by the trial judge was "[w]ould the application of Marketable Title Act to extinguish a non-possessory vested remainder violate the due process clause of the United States Constitution or the Law of the Land provision of the North Carolina Constitution?" This contention was never raised in any of the pleadings. In the non-jury trial, the trial court concluded that plaintiffs' rights were extinguished without ruling on the constitutionality of the Act. The constitutionality of the Act was not properly raised before the trial tribunal and we decline to discuss it for the first time on appeal.

## IV. Conclusion

In summary, the Act operates to extinguish non-possessory interests that either do not fall within one of the exceptions set out in G.S. 47B-3 or are not registered pursuant to G.S. 47B-4. As to the claims of defendants Elvira Johnson; Richard Jewell and wife, Patsy Jewell; Marie H. Wise; Addie Wilson; and Zeno Everette and wife, Carol Everette; plaintiffs prevail because plaintiffs' interest was not extinguished by the Act because it was revealed in the muniments of title in their record chain of title. With respect to defendants Ernest Boyd and wife, Sybil Boyd; Louis Toler and wife, Joyce Toler; Brenda H. Manning; and Linwood Braxton and wife, Earline Braxton; because no registration of their interests by plaintiffs occurred pursuant to G.S. 47B-4 and no mention of the Kirkman will appeared in the muniments of title in their respective 30 year chain of record title, plaintiffs' interest was extinguished by the Act and these defendants prevail.

Accordingly, the decision of the lower court is reversed in part and affirmed in part.

Judge PARKER concurs.

Judge GREENE concurs in part and dissents in part.

Judge GREENE concurring in part and dissenting in part.

I accept that a vested remainder interest which is either specifically referenced in or a part of the thirty-year chain of record title is sufficient to protect the interests of the vested remaindermen. However, I would go further. I do not accept that the General Assembly intended by its enactment of the Marketable Title Act to eliminate *any* vested remainder interests, including those not

specifically referenced in the thirty-year chain of record title. It appears more consistent with the policy and purposes enunciated by the General Assembly, N.C.G.S. § 47B-1, that the Act was "intended by the General Assembly to eliminate ancient nonpossessory interests, obsolete restrictions and technical defects in title—not vested remainders. Any other interpretation would require that remaindermen take precautionary steps to preserve their interests, including the filing of periodic notices of their claim pursuant to North Carolina General Statutes, § 47B-4." P. Hetrick & J. McLaughlin, Jr., *Webster's Real Estate Law in North Carolina* § 508.5, at 698-699 (3d ed. 1988) (footnote omitted).

Accordingly, I determine the trial court erred in concluding as a matter of law that the plaintiffs' interests in the property were "extinguished by Chapter 47B of the General Statutes of North Carolina." I would therefore vacate the order of the trial court in its entirety and remand the matter for further proceedings.