ROY L. KIRKMAN AND WIFE, LULA B. KIRKMAN; CLINTON (NMI) KIRKMAN AND WIFE, ANN LYVONNE KIRKMAN; AND JAMES E. KIRKMAN (UNMARRIED), PLAINTIFFS v. ADDIE WILSON (WIDOW); ZENO M. EVERETTE, JR. AND WIFE, CAROL H. EVERETTE; ERNEST F. BOYD AND WIFE, SYBIL E. BOYD; BRENDA H. MANNING; LOUIS EARL TOLER AND WIFE, JOYCE D. TOLER; LINWOOD EARL BRAXTON AND WIFE, EARLINE BRAXTON; ELVIRA JOHNSON (WIDOW); RICHARD D. JEWELL AND WIFE, PATSY JOHNSON JEWELL; AND MARIE H. WISE (WIDOW), DEFENDANTS AND THIRD PARTY PLAINTIFFS v. J. L. WILSON AND WIFE, ADDIE WILSON; CORA LEE BAILEY AND HUSBAND, DENNIS BAILEY; JIMMY MORRIS AND WIFE, JANICE MARLINE MORRIS; DORIS EVELYN SADLER AND HUSBAND, CLEM M. SADLER; BRITT ANNIE WARREN AND HUSBAND, JAMES W. WARREN; DORA LEE SUMRELL AND HUSBAND, WILLIAM H. SUMRELL; STEPHEN KITE AND WIFE, JULIA LAURA KITE; GUY C. FORNES AND WIFE, LENA FRANCES FORNES; JAMES S. DIXON AND WIFE, AMANDA DIXON; AND CLAUDIS DIXON AND WIFE, ADA MAE DIXON, THIRD PARTY DEFENDANTS

No. 242A90

(Filed 7 March 1991)

**Appeal and Error § 167 (NCI4th) — action to determine title to real estate — advisory opinion**

The Court of Appeals erred by treating plaintiffs' appeal as a petition for certiorari in an action to determine title to real estate where there were several unresolved issues of law and fact, and the proceedings in the trial court did not establish the essential factual and legal foundation for the issues the parties sought to have decided on appeal. A decision on this record would constitute an advisory opinion on abstract questions.

**Am Jur 2d, Appeal and Error §§ 760-763.**

Justice FRYE dissenting.

APPEAL by plaintiffs pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 98 N.C. App. 242, 390 S.E.2d 698 (1990), which affirmed in part and reversed in part a judgment entered on 23 November 1988 by *Winberry, J.*, in Superior Court, CRAVEN County. On 29 August 1990 this Court allowed petitions for discretionary review of additional issues filed by plaintiffs and by defendants Zeno M. Everette, Jr., and wife Carol H. Everette. Heard in the Supreme Court 15 February 1991.

*Ward and Smith, P.A., by Susan K. Ellis and J. Randall Hiner, for plaintiffs.*

*LeBoeuf, Lamb, Leiby & MacRae, by Jane Flowers Finch and Thomas W. Boyd, for defendants.*

WHICHARD, Justice.

Plaintiffs brought this declaratory judgment action seeking to have themselves declared the fee simple owners of a tract of land and to have defendants ejected therefrom and plaintiffs placed in possession. All parties trace their alleged ownership to A. E. Kirkman, who had title to the land sometime prior to 22 August 1936. Kirkman died testate on 11 May 1941. He devised all his real estate to his son, G. C. Kirkman, "to have and to use during his lifetime, with out [sic] the right or privilege to sell or convey the said relstate [sic] in any form or manner, and at [his] death . . . the aforesaid relstate [sic] shall be left to the legal children of . . . the aforesaid, G. C. Kirkman."

While the original will filed in Folio Number 27 in the office of the Clerk of Superior Court, Craven County, contained the aforesaid restraint on alienation, the transcription recorded in Will Book K, page 27, did not. Instead, it erroneously stated that the property was devised "with the right or privilege to sell or convey the said real estate in any form or manner."

Prior to his death in 1982, G. C. Kirkman and his wife conveyed in fee simple, by general warranty deeds, all the land in question. Defendants claim title by virtue of direct or mesne conveyances from G. C. Kirkman and wife. Plaintiffs, the sons of G. C. Kirkman who were living at the time of A. E. Kirkman's death, and their spouses, claim title as remaindermen under the will of A. E. Kirkman.

The trial court did not determine whether plaintiffs held vested remainder interests. It found as a fact that plaintiffs had not registered "*any* claim or title they *may* have" within the thirty-year period provided for in N.C.G.S. § 47B-4, the Marketable Title Act. (Emphasis added.) It concluded that "*any* rights" of plaintiffs in the land thus were extinguished by N.C.G.S. Chapter 47B. (Emphasis added.)

On appeal, the Court of Appeals noted that several issues of law and fact raised by the pleadings remained unresolved, and

that the appeal thus was "interlocutory in nature." *Kirkman v. Wilson*, 98 N.C. App. 242, 245, 390 S.E.2d 698, 700 (1990). It nevertheless "treat[ed] plaintiffs' appeal as a petition for certiorari" and elected to consider it. *Id.*

The majority in the Court of Appeals held that:

> As to the claims of defendants Elvira Johnson; Richard Jewell and wife, Patsy Jewell; Marie H. Wise; Addie Wilson; and Zeno Everette and wife, Carol Everette; plaintiffs prevail because plaintiffs' interest was not extinguished by the Act because it was revealed in the muniments of title in their record chain of title. With respect to defendants Ernest Boyd and wife, Sybil Boyd; Louis Toler and wife, Joyce Toler; Brenda H. Manning; and Linwood Braxton and wife, Earline Braxton; because no registration of their interests by plaintiffs occurred pursuant to G.S. 47B-4 and no mention of the Kirkman will appeared in the muniments of title in their respective 30 year chain of record title, plaintiffs' interest was extinguished by the Act and these defendants prevail.

*Id.* at 252, 390 S.E.2d at 704. The court thus affirmed the trial court in part and reversed it in part. Judge Greene dissented in part on the ground that, in his view, the General Assembly did not intend in the enactment of the Marketable Title Act to eliminate any vested remainder interests. *Id.* at 252-53, 390 S.E.2d at 704. The Court of Appeals declined to rule on plaintiffs' challenge to the constitutionality of the Marketable Title Act because it had not been raised or considered in the trial court. *Id.* at 251-52, 390 S.E.2d at 703-04.

Plaintiffs exercised their right to appeal based on Judge Greene's dissent. N.C.G.S. § 7A-30(2) (1989). On 29 August 1990 we allowed plaintiffs' petition for discretionary review on the issue of "[w]hether application of the Marketable Title Act to extinguish a non-possessory vested remainder violates the Due Process Clause of the United States Constitution or the Law of the Land provision of the North Carolina Constitution." We also allowed a petition for discretionary review filed by defendants Zena M. Everette, Jr. and wife Carol H. Everette, on the issue of whether the "Marketable Title Act extinguish[ed] plaintiffs' vested remainder interest" in the property to which the Everettes hold a record title by mesne conveyances from G. C. Kirkman.

KIRKMAN v. WILSON

[328 N.C. 309 (1991)]

We hold that the Court of Appeals erred in treating plaintiffs' interlocutory appeal as a petition for certiorari and considering the appeal. As the Court of Appeals noted, "[t]here still remain several unresolved issues of law and fact that were raised by the pleadings." *Kirkman*, 98 N.C. App. at 245, 390 S.E.2d at 700. Moreover, the proceedings in the trial court have not established the essential factual and legal foundation for the issues the parties seek to have decided in this appeal. The trial court did not determine whether plaintiffs have interests in the lands in question which give them standing to litigate the effect of the Marketable Title Act thereon. Instead, it purported to declare extinguished "any claim or title" or "[a]ny rights" plaintiffs "may have." A decision on such a record would constitute an advisory opinion on abstract questions, and this "court will not give advisory opinions or decide abstract questions." *Boswell v. Boswell*, 241 N.C. 515, 519, 85 S.E.2d 899, 902 (1955); *see also Henderson v. Vance County*, 260 N.C. 529, 532, 133 S.E.2d 201, 204 (1963) (per curiam); *Poore v. Poore*, 201 N.C. 791, 792, 161 S.E. 532, 533 (1931) (Declaratory Judgment Act "does not extend to the submission of a theoretical problem or a 'mere abstraction' "). "The function of appellate courts . . . is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously affecting the rights of some party to the litigation, and . . . questions or cases which [are] . . . academic are not a proper subject of review." 5 Am. Jur. 2d *Appeal and Error* § 761 (1962).

Accordingly, the opinion of the Court of Appeals is vacated, and the case is remanded to that court for further remand to the Superior Court, Craven County, where the parties may take such action as they deem advisable "so that the controverted and determinative facts may be established and rulings as to the law made in relation thereto." *Boswell v. Boswell*, 241 N.C. at 521, 85 S.E.2d at 904.

Vacated and remanded.

Justice FRYE dissenting.

I dissent from the majority's holding "that the Court of Appeals erred in treating plaintiffs' interlocutory appeal as a petition for certiorari and considering the appeal."

After making detailed findings of fact, the trial judge concluded as follows: "Any rights of the plaintiffs in the lands owned by A. E. Kirkman at the time of his death, as vested remaindermen under the Will of A. E. Kirkman, have been extinguished by Chapter 47B of the General Statutes of North Carolina (Real Property Marketable Title Act)." Judge Winberry then "ORDERED, ADJUDGED AND DECREED that the plaintiffs have and recover nothing of these defendants, that the Notice of Lis Pendens heretofore filed in this action be stricken from the record and the costs of this action be Taxed to the plaintiffs." From this judgment plaintiffs appealed to the Court of Appeals. The Court of Appeals affirmed in part and reversed in part, with Judge Greene dissenting on the question of whether the Marketable Title Act was intended to eliminate vested remainders.

The majority concludes that a decision on this record would constitute an advisory opinion on abstract questions. As I read the trial court's judgment, it resolves the primary question before the court, which is, whether the Marketable Title Act deprived plaintiffs of any claim to the property at issue. The order is neither advisory nor abstract but clearly provides that plaintiffs "have and recover nothing of these defendants" and orders that the notice of lis pendens be stricken from the record. I believe that the issues are ripe for decision. Sending the case back for the parties to start all over again is not in the interest of judicial economy.