An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA24-839

Filed 15 April 2026

Wake County, No. 24CV021246-910

UNIVERSAL LIFE INSURANCE CO., Judgment Creditor,

v.

GREG E. LINDBERG, Judgment Debtor.

Appeal by Judgment Debtor from order entered 12 July 2024 by Judge Matthew T. Houston in Wake County Superior Court. Heard in the Court of Appeals 9 April 2025.

>*Troutman Pepper Hamilton Sanders, LLP, by Christopher G. Browning Jr., for Plaintiff-Appellee.*

>*Fox Rothschild LLP, by Matthew Nis Leerberg and Elizabeth Sims Hedrick, for Defendant-Appellant.*

CARPENTER, Judge.

Greg E. Lindberg ("Defendant") appeals from the trial court's 12 July 2024 order (the "Order") denying his motions to dismiss the general receivership action filed by Universal Life Insurance Company ("ULICO"). On appeal, Defendant argues the trial court erred by denying his motions to dismiss due to lack of personal

jurisdiction and due to the prior pending action doctrine. After careful review, we dismiss Defendant's appeal.

## I. Factual & Procedural Background

This appeal concerns a request for an emergency appointment of a general receiver filed by ULICO, a judgment-creditor, against Defendant, a judgment-debtor, in Wake County Superior Court. ULICO holds a money judgment against Defendant in excess of $524 million. The money judgment stems from an action commenced by ULICO against Defendant in Durham County Superior Court in June 2020 for breach of a guaranty agreement.

Defendant removed the Durham County action to the United States District Court for the Middle District of North Carolina based on diversity jurisdiction. Thereafter, ULICO filed a motion for summary judgment, which the Middle District granted and entered judgment against Defendant (the "MDNC Judgment"). Defendant appealed the MDNC Judgment to the United States Court of Appeals for the Fourth Circuit. While that appeal was pending, ULICO registered the MDNC Judgment in Durham, Orange, and Wake Counties.[1] Since registering the MDNC Judgment, ULICO has made repeated efforts to execute its judgment and collect from Defendant.

---

[1] On 26 August 2024, in a per curiam opinion, the Fourth Circuit affirmed the MDNC Judgment. *See Universal Life Ins. Co. v. Lindberg*, No. 23-1313, 2024 WL 3935040 (4th Cir. Aug. 26, 2024) (unpublished).

In 2022, ULICO filed a motion for the entry of a charging order and a motion to compel and request for a permanent injunction in Durham County Superior Court. The Superior Court granted the motions, and Defendant appealed. On 5 November 2023, this Court vacated the injunction, reversed portions of the charging order, and remanded to Durham County Superior Court. ULICO appealed to the North Carolina Supreme Court. While that appeal was pending, ULICO filed a complaint in Durham County Superior Court requesting, in relevant part, the appointment of a limited receiver. Judge Michael O'Foghludha, the Durham County Superior Court judge presiding, denied ULICO's request due to ULICO's pending appeal. Judge O'Foghludha, however, granted ULICO's request for a charging order over Defendant's principal asset, Global Growth Holdings, LLC. On 26 June 2024, our Supreme Court allowed ULICO to withdraw its appeal, leaving our decision "undisturbed but standing without precedential value."[2]

On 9 July 2024, ULICO filed a complaint (the "Complaint") in Wake County Superior Court requesting the appointment of a general receiver over Defendant's assets pursuant to section 1-507.24 of the Commercial Receivership Act. ULICO sought the appointment of a receiver on an ex parte basis, contending that an emergency existed and that immediate appointment of a receiver was necessary to

---

[2] *See Universal Life Ins. Co. v. Lindberg*, 291 N.C. App. 506, 518, 896 S.E.2d 57, 66 (2023), *disc. review allowed in part & denied in part*, 386 N.C. 273, 900 S.E.2d 667 (2024), *writ allowed*, 900 S.E.2d 667, *appeal withdrawn,* 386 N.C. 339, 901 S.E.2d 777.

avoid irreparable harm. In the Complaint, ULICO alleged the Wake County Superior

Court had personal jurisdiction over Defendant based on the following facts:

> 6. ULICO holds a final money judgment . . . against [Defendant] . . . .
>
> 7. The MDNC Judgment arises from [Defendant's] breach of his Guaranty to ULICO of the obligations of one of his insurance companies, Private Bankers Life & Annuity Co., Ltd. ("PBLA"), in the event that PBLA did not fulfill its obligations under a contract (the "Reinsurance Agreement") with ULICO.
> . . .
>
> 10. The Guaranty Agreement provides that it shall be governed by North Carolina law and all disputes relating to that Agreement shall be brought in the courts of North Carolina. The United States District Court for the Middle District of North Carolina determined that it had personal jurisdiction over [Defendant], and [Defendant] waived any challenge to personal jurisdiction in that court by proceeding in that action without contesting personal jurisdiction.

Judge Matthew T. Houston, the Wake County Superior Court judge presiding,

conducted a hearing on 11 July 2024, at which time defense counsel made "two oral

motions . . . to dismiss [the] action. One on personal jurisdiction grounds, and one on

the prior pending action doctrine." In support of the motions, defense counsel stated:

> [ULICO] domesticated this judgment in Durham County. They have asked Durham County to do a lot of things, and Durham County has done a lot of things, some of which were reversed. And what I think you're seeing here today – you asked – oh, well, let me also point out to you, Your Honor, one of the orders that Durham County entered was an order prohibiting [Defendant] from transferring his assets. And that was done under the supplemental

proceeding statute.

> So in terms of whether they have an irreparable harm here, they have remedies in the Durham County action. They can go ask the Court to enforce that order if they believe that [Defendant] is violating it, they can go have a motion to show cause, put on evidence. If the judge is convinced that that order has been violated, he can hold [Defendant] in contempt and take whatever action is appropriate. He can also now hear the motion under 1-363 now that the appeal has been resolved, as that's where they filed this. That's where that motion is pending. And he can do that.

> I think what you're seeing here is some forum shopping. They -- they are afraid -- ULICO is afraid that -- I will say this. Judge O'Foghludha has been more careful about overreach since he was reversed by the court of appeals. He has repeatedly made statements in hearings to that effect. He does not want to overreach again. And I think that ULICO is hoping that they will get a more friendly venue here in Wake County. But the fact of the matter is they had already chosen their venue. It's in Durham County and that -- if they have claim for receivership, that should be the place where they have that heard.

Next, defense counsel transitioned to address "the issue of personal jurisdiction." Defense counsel first argued the Complaint did not allege facts showing the existence of personal jurisdiction. Defense counsel continued:

> What I would say, though, Your Honor, is as a matter of principle just the fact that he is subject to jurisdiction in one action does not mean that he is subject to jurisdiction in every action. The burden is on the plaintiff to prove that they have jurisdiction here. We don't think they've done that. If the Court were to be satisfied that it has jurisdiction though, I still think the pending action in Durham County where the Court has already addressed these issues, not only does it make sense from judicial economy, but they have asked for the same relief in

Durham County. They can't come here and ask for this --
for that same relief.

Judge Houston entered the Order denying Defendant's oral motions to dismiss for lack of personal jurisdiction and on the basis of the prior pending action doctrine. Judge Houston also denied ULICO's request for emergency appointment of a general receiver on 12 July 2024, concluding ULICO failed to demonstrate that an emergency existed requiring the immediate appointment of a receiver to avoid irreparable harm. Defendant timely appealed. ULICO subsequently filed a motion to dismiss Defendant's appeal and a motion requesting we take judicial notice of certain pleadings and orders that are included in a supplement to the record on appeal.

## II. Jurisdiction

As an initial matter, we address our jurisdiction to consider Defendant's appeal. On 1 October 2024, ULICO filed a motion to dismiss Defendant's appeal for lack of appellate jurisdiction. According to ULICO, because no legitimate basis for Defendant's motions existed, Defendant's use of the words "personal jurisdiction" and "prior pending action doctrine" was a calculated attempt to manufacture immediately appealable issues. Regardless of Defendant's intentions behind the motions, we conclude immediate review of the Order is not warranted.

" 'Ordinarily, this Court hears appeals only after entry of a final judgment that leaves nothing further to be done in the trial court.' " *Crite v. Bussey*, 239 N.C. App. 19, 20, 767 S.E.2d 434, 435 (2015) (quoting *Campbell v. Campbell*, 237 N.C. App. 1,

3, 764 S.E.2d 630, 632 (2014)). Indeed, "a party has 'no right of immediate appeal from interlocutory orders and judgments.'" *Bartels v. Franklin Ops., LLC*, 288 N.C. App. 193, 195, 885 S.E.2d 357, 359 (2023) (quoting *Goldston v. Am. Motors Corp.*, 326 N.C. 723, 725, 392 S.E.2d 735, 736 (1990)). " 'The reason for this rule is to prevent fragmentary, premature and unnecessary appeals by permitting the trial court to bring the case to final judgment before it is presented to the appellate courts.' " *Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74, 76, 772 S.E.2d 93, 95 (2015) (quoting *Fraser v. Di Santi*, 75 N.C. App. 654, 655, 331 S.E.2d 217, 218 (1985)).

Immediate review of interlocutory orders is available, however, in limited circumstances. *See* N.C. Gen. Stat. § 7A-27(b)(3) (2025). For example, we may review an interlocutory order or judgment if it "[a]ffects a substantial right." *Id.* "A substantial right is a legal right affecting or involving a matter of substance as distinguished from matters of form; a right materially affecting those interests which a [party] is entitled to have preserved and protected by law; a material right." *Pentecostal Pilgrims & Strangers Corp. v. Connor*, 202 N.C. App. 128, 132, 688 S.E.2d 81, 84 (2010) (internal quotation marks and citation omitted). In other words, "[a] substantial right is generally something that does—or at least could—affect the on-going proceedings; it is something that goes to the very heart of the matter." *Hoke Cnty. Bd. of Educ. v. State*, 198 N.C. App. 274, 278, 679 S.E.2d 512, 516 (2009).

The substantial right exception is not a hurdle that an appellant can clear by

reciting magic words below. *See Gilbert v. N.C. State Bar*, 363 N.C. 70, 75, 678 S.E.2d 602, 605 (2009) ("We consider whether a right is substantial on a case-by-case basis[,]" taking into account both " 'the particular facts' " of the case and " 'the procedural context in which the order from which appeal is sought was entered[.]' ") (quoting *Waters v. Qualified Pers., Inc.*, 294 N.C. 200, 208, 240 S.E.2d 338, 343 (1978)). To obtain immediate review of an interlocutory order under the substantial right exception, an appellant must do more than raise inapposite arguments before the trial court loosely invoking concepts, like personal jurisdiction and the prior pending action doctrine, that we have accepted as substantial rights in other contexts. *See* N.C. Gen. Stat. § 1-277(b) (2025) ("Any interested party has the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person . . . ."); *see also Jessee v. Jessee*, 212 N.C. App. 426, 431, 713 S.E.2d 28, 33 (2011) ("A trial court's refusal to abate an action based upon the prior pending action doctrine is [also] immediately appealable."). On the contrary, the appellant must show that " '[the] right is one which will be lost or irremediably and adversely affected if the [ruling] is not reviewed before final judgment.' " *Barnes v. St. Rose Church of Christ, Disciples of Christ*, 160 N.C. App. 590, 591, 586 S.E.2d 548, 550 (2003) (quoting *Southern Uniform Rentals v. Iowa Nat'l Mutual Ins. Co.*, 90 N.C. App. 738, 740, 370 S.E.2d 76, 78 (1988)).

Further, the function of a reviewing court " 'is not to give opinions on merely abstract or theoretical matters, but only to decide actual controversies injuriously

affecting the rights of some party to the litigation . . . .' " *Kirkman v. Wilson*, 328 N.C. 309, 312, 401 S.E.2d 359, 361 (1991) (quoting 5 Am. Jur. 2d *Appeal and Error* § 761 (1962)). In other words, we cannot give advisory opinions " 'which the parties might, so to speak, put on ice to be used if and when the occasion might arise.' " *Calabria v. N.C. State Bd. of Elections*, 198 N.C. App. 550, 555, 680 S.E.2d 738, 743 (2009) (quoting *Pearson v. Martin*, 319 N.C. 449, 451–52, 355 S.E.2d 496, 498, *cert. denied*, 44 U.S. 929, 99 S. Ct. 2859, 61 L. Ed. 2d 297 (1979)).

Here, Defendant essentially asks this Court to issue an advisory opinion concerning personal jurisdiction and the prior pending action doctrine. *See id.* at 555, 680 S.E.2d at 743. In the Order denying Defendant's motions, the trial court likewise denied ULICO's emergency request for a general receiver, without disturbing ULICO's rights to "seek all other remedies that might be available to it." In this procedural context, *see Gilbert*, 363 N.C. at 75, 678 S.E.2d at 605, the Order does not jeopardize or deprive Defendant of a right that would be "lost or irremediably and adversely affected" if we await a fully reviewable final judgment in this matter, *see Barnes*, 160 N.C. App. at 591, 586 S.E.2d 548. We, therefore, reject Defendant's meritless attempt to conjure an immediately reviewable basis from a non-appealable order. *See id.* at 591, 586 S.E.2d at 550; *see also Kirkman*, 328 N.C. at 312, 401 S.E.2d at 361.

## III. Conclusion

The Order does not affect a substantial right because Defendant suffers no risk

of injury absent immediate review. We therefore dismiss Defendant's appeal. Finally, we dismiss as moot ULICO's motion to dismiss and deny ULICO's motion for judicial notice of documents and orders contained in the record on appeal.

DISMISSED.

Judge COLLINS concurs.

Judge HAMPSON concurs in the result.

Report per Rule 30(e).